**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JAMES T. SMITH, | Case No. 20-CV-0284 (NEB/KMM) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| NANCY PELOSI and J. FIKES, | |
| Respondents. | |

This matter comes before the Court on Petitioner James T. Smith's filings titled (1) "Habeas Corpus, 28 USC §§§2241(a)(c)(3), 2243, and 2244(2)(B)(ii) [/] FRCVP Rule 201(b)(2)(d)(e) Judicial Notice," ECF No. 1 (Petition); (2) "Request Leave to Amend Pursuant to FRCVP 23 Initial Habeas Corpus Served on Court," ECF No. 2 (Motion to Amend); (3) "Motion for Document(s)," ECF No. 4 (Documents Motion); (4) "Motion for Summary Judgment," ECF No. 5 (Summary-Judgment Motion); and "Motion for Judgment on the Pleadings," ECF No. 8 (Judgment-on-the-Pleadings Motion).  For the following reasons, the Court recommends dismissing the Petition without prejudice for lack of jurisdiction; denies the Motion to Amend as futile; and recommends denying the Documents Motion, Summary-Judgment Motion, and Judgment-on-the-Pleadings Motion as moot.

I. BACKGROUND

    A. **Procedural History**

The Petition purports to challenge judgments entered against Mr. Smith in three criminal cases: (1) No. 96-CR-0076 (WMC) (W.D. Wisc.), (2) No. 13-CR-0061 (BP) (W.D. Mo.), and (3) No. 14-CR-0117 (BP) (W.D. Mo.).[1] *See, e.g.*, Pet. 2, 7. The Court will summarize these matters briefly before turning to the Petition itself.

In October 1996, a grand jury in the U.S. District Court for the Western District of Wisconsin (WDWI) indicted Mr. Smith on one count of bank robbery by force or violence. *See* Docket, *United States v. Smith*, No. 96-CR-0076 (WMC) (W.D. Wisc.). In February 1997, a jury convicted Mr. Smith and he was sentenced to 210 months in prison, to be followed by a 3-year term of supervised release. Mr. Smith filed an unsuccessful direct appeal as well as numerous postconviction challenges, including at least two filings construed as motions under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Smith*, 131 F.3d 685, 686 (7th Cir. 1997); *United States v. Smith*, No. 96-CR-0076, 2003 WL 23208936, at *1–2 (W.D. Wis. July 1, 2003) (construing affidavit as § 2255 motion, denying it, and discussing then-current history of Mr. Smith's earlier postconviction challenges, including initial § 2255 motion denied in February 2000).

---

[1] Most of the materials cited from Mr. Smith's prior criminal trials are not attached to any documents filed in this Court. They are publicly accessible court documents, however; as such, this Court may take judicial notice of them. *See, e.g.*, *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases). Moreover, the Court will cite to Mr. Smith's records using the judicial initials *presently* associated with each case.

Mr. Smith's supervised-release period began in April 2012 and was scheduled to end in April 2015. *See, e.g.*, Transfer of Jurisdiction, *United States v. Smith*, No. 96-CR-0076 (WMC) (W.D. Wisc. Mar. 21, 2013). By March 2013, Mr. Smith had moved to the Western District of Missouri. As a result, jurisdiction over Mr. Smith's supervised release was transferred to the U.S. District Court for the Western District of Missouri (WDMO). *See id.*

In April 2014, a WDMO grand jury indicted Mr. Smith on one count of bank robbery and one count of attempted "Hobbs Act" robbery. *See* Docket, *United States v. Smith*, No. 14-CR-0117 (BP) (W.D. Mo.). After a three-day trial in November 2014, a jury found Mr. Smith guilty on both counts. The WDMO sentenced Mr. Smith to 175 months on each count (to be served concurrently), as well as a 36-month period of supervised release on each count (again to be served concurrently).

During Mr. Smith's prosecution in No. 14-CR-0117 (BP), his supervised-release period was revoked after the WDMO found him guilty of violating his release terms. *See* J. in a Criminal Case, No. 13-CR-0061 (BP) (W.D. Mo. Aug. 8, 2015). The WDMO imposed a 24-month sentence, to be served consecutively with the sentence in No. 14-CR-0117 (BP).

Mr. Smith filed direct appeals in both WDMO actions, but the U.S. Court of Appeals for the Eighth Circuit affirmed. *See United States v. Smith*, 669 F. App'x 815, 815 (8th Cir. 2016). As with his WDWI conviction, Mr. Smith then filed numerous postconviction challenges to both judgments, including a § 2255 motion aimed at both

judgments.[2] None of those efforts have been successful. Mr. Smith is presently confined at FCI Sandstone in Minnesota.

### B. Petition

Mr. Smith filed the present Petition on January 21, 2020. *See* Pet. 1. Most of the Petition focuses on an attempt by Mr. Smith to vacate the judgments in No. 96-CR-0076 (WMC) (W.D. Wisc.), No. 13-CR-0061 (BP) (W.D. Mo.), and No. 14-CR-0117 (BP) (W.D. Mo.). *See, e.g.*, *id.* at 7.

Although the Petition is somewhat hard to follow, but the Court discerns two key arguments. First, Mr. Smith suggests that his prior criminal cases merely "charg[ed] a 'fictitious person' identified by the NAME OF JAMES T. SMITH." *Id.* at 2. "This name," Mr. Smith claims, is distinct from "the live flesh and blood individual" that the label refers to, allegedly making the earlier legal proceedings a fraud. *Id.* at 2–4. Given this fraud, Mr. Smith asserts, this Court should vacate the earlier judgments against him. The Court will refer to this as Mr. Smith's sovereign-citizen argument.

Second, Mr. Smith contends that Public Law No. 80-772—the bill whose passage implemented most of the current federal criminal code, *see* Act of June 25, 1948, Pub. L. No. 80-772, 62 Stat. 683 (codified as amended in scattered sections throughout U.S. Code, including 18 U.S.C.)—never properly took effect. The stated reason for this failure is that Congress lacked a quorum at the time of one or more votes underpinning

---

[2] *See, e.g.*, 28 USC § 2241 [/] Actual Innocent of the Crime, *United States v. Smith*, No. 14-CR-0117 (BP) (W.D. Mo. Aug. 11, 2015) (filing originally made as § 2241 motion in U.S. District Court for the Northern District of Texas, but transferred to WDMO); Docket, No. 14-CR-0117 (BP) (docket entries 217, 224); Order 1, *United States v. Smith*, No. 14-CR-0117 (BP) (W.D. Mo. Apr. 15, 2019) (April 2019 Order) (treating transferred filing as § 2255 motion and granting motion to dismiss it).

the bill. *See* Pet. 4–6. Because the statutes underlying his convictions fall within Title 18, Mr. Smith suggests, this Court should vacate those convictions because Congress never actually passed those statutes. *See id.*

Mr. Smith argues that the absence of a quorum carries another implication. "[A]ny and all charges" against President Donald J. Trump "must be [thrown] out," he says, as the legal infirmities that Mr. Smith ascribes to the criminal statutes used against him also purportedly exist in a statute allegedly invoked in President Trump's impeachment. *See id.* at 5, 7 (labelling 18 U.S.C. § 1505 as federal criminal statute barring "Obstruction of Congress").[3]

### C. Other Motions

Mr. Smith has filed four additional motions since filing the Petition. First, the Motion to Amend seeks (in relevant part) to add a ground to the Petition. *See* Mot. to Amend 1. Mr. Smith asserts that "at the time of initial briefing [he] did not have the evidence to support [his] claim to include 'Actual Innocence.'" *Id.*

As the Court understands this actual-innocence argument, the idea is that Mr. Smith's conviction under 18 U.S.C. § 2113 in No. 14-CR-0117 (BP) (W.D. Mo.) was improper because of discrepancies between § 2113's wording and the text of the original indictment against him. *Id.* at 1–2. While the Motion to Amend is not entirely clear, the Court construes it as seeking to add a third ground to the Petition.

---

[3] The U.S. House of Representatives impeached President Trump on December 18, 2019. The U.S. Senate acquitted President Trump on February 5, 2020 (after Mr. Smith filed the Petition).

Second, Mr. Smith has filed the Motion for Documents, which appears to ask the Court for whatever evidence exists showing that the District Judge and Magistrate Judge assigned to this case have taken their oaths of office. *See* Mot. for Documents 1.

Third, Mr. Smith has filed the Summary-Judgment Motion. That motion asks the Court to grant Mr. Smith summary judgment as to the Petition, and to permit Mr. Smith to be released immediately from prison. *See* Summ.-J. Mot. 1.

Fourth, Mr. Smith has filed the Judgment-on-the-Pleadings Motion. This motion asks the Court to do various things—most prominently, to "rule in Petitioner's [favor] based on the pleadings on file." J.-on-the-Pleadings Mot. 1.

## II.   ANALYSIS

### A.   Involvement of Donald J. Trump and Nancy Pelosi

As noted above, Smith suggests that his no-quorum argument undercuts many federal criminal statutes. In particular, he suggests that it undercuts 18 U.S.C. § 1505, the federal statute governing (among other things) obstruction of Congressional proceedings. *See* Pet. 4–5. This allegedly means that the House of Representatives's impeachment of President Trump, based in part on alleged obstruction of Congressional proceedings, is unconstitutional. *See id.*

Putting aside the argument's merits, neither President Trump nor Speaker Pelosi is an appropriate party in these proceedings. With respect to President Trump, Mr. Smith cannot raise claims on his behalf. There are numerous problems with him trying to do so, but perhaps the simplest reason that he cannot is that while nonlawyers may represent themselves, they generally cannot represent other people or entities. *See, e.g.*, *Steele v.*

6

*City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994)); *Charnesky v. Lourey*, No. 18-CV-2748 (ECT/KMM), 2019 WL 1505995, at *3 (D. Minn. Apr. 5, 2019) (quoting *Knoefler*). Nothing in this action's filings suggests that Mr. Smith is a lawyer. As a result, he cannot bring claims on President Trump's behalf. The Court therefore recommends that President Trump be dismissed from this action with prejudice.

What remains is a straightforward habeas action, with Mr. Smith challenging his present physical confinement. As a result, Speaker Pelosi is not an appropriate respondent here. In a § 2241 habeas petition challenging one's present physical confinement, the appropriate respondent is the petitioner's immediate custodian. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Gael A.O. v. DHS/ICE Office of Chief Counsel*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3325839, at *2 (D. Minn. May 13, 2019) (quoting *Padilla*), *report and recommendation adopted*, 2019 WL 3322920 (D. Minn. July 24, 2019). Speaker Pelosi obviously is not Mr. Smith's immediate custodian. As a result, the Court recommends that any claims against Speaker Pelosi be dismissed with prejudice and that Speaker Pelosi be dismissed from this action.

**B.     Savings Clause**

The Court will now address the Petition as what it is: an attempt by Mr. Smith to collaterally challenge his convictions. "It is well settled that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)

7

(citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)); *see also Hernandez-Garete v. Barnes*, No. 18-CV-2615 (SRN/LIB), 2019 WL 404042, at *2 (D. Minn. Jan. 31, 2019) (quoting *Hill*). If a federal prisoner brings such a challenge under § 2241, the court of incarceration cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing cases); *see also* 28 U.S.C. § 2255(e) (habeas petition from federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); *Hernandez-Garete*, 2019 WL 404042, at *2 (quoting *Abdullah*).

The "inadequate or ineffective" language in § 2255(e) is sometimes called the "savings clause," *see, e.g.*, *Abdullah*, 392 F.3d at 959, because it can save a § 2241 habeas petition from dismissal. The prisoner has the burden of showing that § 2255 is inadequate or ineffective. *Id.* (citing *Hill*, 349 F.3d at 1091); *see also Hernandez-Garete*, 2019 WL 404042, at *2 (citing *Hill*). For a prisoner to show that § 2255 is inadequate or ineffective in a case, "'there must be more than a procedural barrier to bringing a § 2255 petition.'" *Abdullah*, 392 F.3d at 959 (quoting *Hill*, 349 F.3d at 1091); *see also Hernandez-Garete*, 2019 WL 404042, at *2 (quoting *Abdullah*). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to

8

expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); *see also Abdullah*, 392 F.3d at 959 (citing *Lurie*). Notably, a prisoner cannot raise in a § 2241 motion an issue which could have been or actually was raised in an earlier § 2255 motion. *See Lurie*, 207 F.3d at 1077–78; *Hernandez-Garete*, 2019 WL 404042, at *3 (quoting *Hill*, 349 F.3d at 1092).

This Court has not exhaustively searched through all of Mr. Smith's earlier cases to see if he actually raised his sovereign-citizen argument or his no-quorum argument in all of them.[4] No such search is necessary, because even if Mr. Smith has not *actually* challenged each of the judgments with these arguments, he plainly *could have*. Nothing about the sovereign-citizen argument hinges on any legal developments that occurred since Mr. Smith's 1996 prosecution, and the no-quorum argument concerns historical events from 1948. Because Mr. Smith could have raised both arguments in response to all of the relevant judgments, a § 2255 motion is not an inadequate or ineffective remedy here.

As a result, Mr. Smith has failed to show that the savings clause applies in this case. This in turn means that § 2255(e)'s exclusive-remedy provision bars the Petition. The Court therefore recommends that the remainder of this action be dismissed for lack of jurisdiction. *See Abdullah*, 392 F.3d at 964 ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no

---

[4] The Court observes that Mr. Smith specifically raised the sovereign-citizen argument unsuccessfully in at least one § 2255 challenge to the judgment in No. 96-CR-0076 (WMC). *See Smith*, 2003 WL 23208936, at *1.

9

jurisdiction to consider his claim in a § 2241 petition."); *DeSimone*, 805 F.2d at 324 (§ 2241 petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction where petitioner had not demonstrated that § 2255 motion was inadequate or ineffective remedy).

### C.      Motion to Amend

The Court now turns to the Motion to Amend. In part, Mr. Smith invokes Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a)(1),[5] a party in civil litigation may amend its pleading "once as a matter of course" if (as relevant here) the amendment is made "within 21 days after serving it." Smith plainly met that deadline, as the Court received the Motion to Amend the day after it received the Petition. *Compare* Pet. 1 *with* Mot. to Amend. 1.

But timeliness is not a motion to amend's only requirement. Critically, if a given amendment is futile, a court may deny a motion requesting it. *See, e.g.*, *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 588 (8th Cir. 2018) (citing *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016)), *cert. denied*, 139 S. Ct. 941 (2019); *Fredin v. Street*, No. 19-CV-2864 (SRN-HB), 2020 WL 1271176, at *2 (D. Minn. Mar. 17, 2020) (citing *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013)). The Court may therefore consider whether the proposed amendment is futile, and deny the Motion to Amend if it is.

---

[5] Under 28 U.S.C. § 2242, an application for a writ of habeas corpus submitted under § 2241 "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

10

The Court has little difficulty concluding that Mr. Smith's proposed amendment is futile. As noted above, that argument's thrust is that Mr. Smith's conviction under 18 U.S.C. § 2113 in No. 14-CR-0117 (BP) (W.D. Mo.) was improper because the text of the original indictment against him purportedly did not match the text of § 2113 itself. But the reasoning that dooms Mr. Smith's other two arguments disposes of this one, too. Mr. Smith's proposed amendment constitutes another collateral challenge to a federal conviction, so Mr. Smith can raise it in a § 2241 petition only if he shows that the § 2255 remedy is inadequate or ineffective. As noted above, savings-clause caselaw dictates that a prisoner cannot raise in a § 2241 motion an issue which could have been or actually was raised in an earlier § 2255 motion. The Motion to Amend's argument falls squarely within this rule's scope, as any argument Mr. Smith might have had based on the terms of his indictment and the text of his statute of conviction has been available to him since the Indictment was first filed.

For this reason, granting the Motion to Amend would be futile. Mr. Smith would not be able to show that § 2255(e)'s savings clause applies to the Motion to Amend's new argument, and so § 2255(e)'s exclusive-remedy provision would bar this Court from considering it. As a result, the Court denies the Motion to Amend.[6]

---

[6] The Court also notes that the Motion to Amend fails to comply with this District's Local Rule 15.1(b), under which "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." Because the Motion to Amend is futile, however, the Court need not rely on this alternative ground for denying it.

**D.     Other Motions**

Because the Court recommends this action's dismissal for lack of jurisdiction (and denies the Motion to Amend), the Court further recommends that the Documents Motion, the Summary-Judgment Motion, and the Judgment-on-the-Pleadings Motion all be denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff James T. Smith's filing titled "Request Leave to Amend Pursuant to FRCVP 23 Initial Habeas Corpus Served on Court," ECF No. 2, construed as a motion to amend, is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Smith's claims on behalf of President Trump be **DISMISSED WITH PREJUDICE**, and President Trump be **DISMISSED** from this action.

2. Mr. Smith's claims against Speaker Pelosi be **DISMISSED WITH PREJUDICE**, and Speaker Pelosi be **DISMISSED** from this action.

3. The remainder of this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. Mr. Smith's Motion for Document(s), ECF No. 4, be **DENIED** as moot.

5. Mr. Smith's Motion for Summary Judgment, ECF No. 5, be **DENIED** as moot.

6. Mr. Smith's Motion for Judgment on the Pleadings, ECF No. 8, be **DENIED** as moot.

Date: April 21, 2020             s/ *Katherine Menendez*
                                 Katherine Menendez
                                 United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).