# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES T SMITH, | Case No. 20-CV-284 (NEB/KMM) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| NANCY PELOSI, and J FIKES, | |
| Respondents. | |

This matter is before the Court on Petitioner James T. Smith's Petition for a writ of habeas corpus under 28 U.S.C. §§ 2241(a)(c)(3), 2243, and 2244(2)(B)(ii) (ECF No. 1) and his subsequent Motion for Document(s), Motion for Summary Judgment, and Motion for Judgment on the Pleadings (ECF Nos. 4, 5, 8). The April 21, 2020 Report and Recommendation of United States Magistrate Judge Katherine Menendez recommends dismissing the habeas petition for lack of jurisdiction, dismissing President Trump and Speaker Pelosi from this action with prejudice, and dismissing the remaining motions as moot. (ECF No. 10 ("R&R").) Smith timely filed objections to the R&R. (ECF No. 11.)

Smith's objections merely re-raise his Petition's and Motions' arguments. He first contends that the Court must produce the oaths of office to prove its authority and/or jurisdiction to preside over this Petition. (ECF No. 11 at 1.) That is precisely what his Motion for Document(s) (ECF No. 4) seeks; it and does not respond to the R&R's

recommendations. Smith next argues that Title 18 of the United States Code was fraudulently adopted by Congress. (ECF No. 11 at 1–2.) This objection also falls short, in part because it simply resurrects his Petition's claims without specifically objecting to the R&R.

"Objections to an R&R that are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Bui v. U.S. Attorney's Office*, No. 15-CV-2001 (JRT/FLN), 2015 WL 6758142, at *1 (D. Minn. Nov. 5, 2015); *see also Fields v. Henry*, No. 17-CV-2662 (WMW/KMM), 2019 WL 6037425, at *1 (D. Minn. Nov. 14, 2019) ("Without more, merely restating arguments and facts that have been presented to the magistrate judge does not constitute a viable objection to an R&R."). When a party fails to specifically object to the R&R, the Court's task is to determine whether the R&R is clearly erroneous or contrary to law. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed the R&R accordingly, the Court finds that no clear error exists and thus accepts the R&R.

## CONCLUSION

Based on all the files, records, and proceedings herein, the Court OVERRULES Smith's objections (ECF No. 11) and ACCEPTS the R&R (ECF No. 10). Accordingly, IT IS HEREBY ORDERED THAT:

1. Smith's claims on behalf of President Trump are DISMISSED WITH PREJUDICE, and President Trump is DISMISSED from this action;

2. Smith's claims against Speaker Pelosi are DISMISSED WITH PREJUDICE, and Speaker Pelosi is DISMISSED from this action;

3. This action (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;

4. Smith's Motion for Document(s) (ECF No. 4) is DENIED as moot;

5. Smith's Motion for Summary Judgment (ECF No. 5) is DENIED as moot; and

6. Smith's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 2, 2020                               BY THE COURT:

                                                      s/Nancy E. Brasel
                                                      Nancy E. Brasel
                                                      United States District Judge